IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31050
Summary Calendar
_____

NEW YORK LIFE INSURANCE COMPANY

Plaintiff - Appellee

v.

JANE DESHOTEL

Defendant

and

JUNE G SMITH

Defendant - Appellant

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-3278-R)

_____

March 22, 1996
Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

June G. Smith appeals the district court's denial of her

motion for summary judgment and the granting of summary judgment

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

in favor of Jane Deshotel in an interpleader proceeding brought by New York Life Insurance Company ("New York Life") to determine the proper beneficiary of several life insurance policies purchased by Rodney Smith.  We affirm.

## I.  BACKGROUND

Rodney Smith purchased five life insurance policies from New York Life between 1964 and 1974.  The original beneficiary listed on each policy was his wife, June Smith.  In September 1991, the Smiths separated after thirty-one years of marriage.  Two years later, Rodney Smith was diagnosed with terminal cirrhosis of the liver.  He designated his half-brother, Donald Kelley, to aid him in his business affairs during his illness.

On February 14, 1994, Rodney Smith's insurance agent, Thomas C. Klotz, received a change of beneficiary form designating Kelley and Jane Deshotel--a high school and college friend of Rodney Smith--as co-beneficiaries of Rodney Smith's life insurance policies.  Klotz sent the form to New York Life's Customer Service Office (the "CSO") in Dallas, for processing.  On February 17, Klotz received another change of beneficiary form signed by Rodney Smith--this time indicating Kelley as the sole beneficiary.  The next day, in Klotz's presence, Rodney Smith executed a change of beneficiary form designating Jane Deshotel as sole beneficiary.  This change of beneficiary was received and processed by the CSO on February 24.

2

Rodney Smith died on May 6, 1994. June Smith alleges that, before he died, Rodney Smith made one final change to his policies. According to June Smith, on March 11, 1994, Rodney Smith signed a change of beneficiary form designating her as the sole beneficiary. She contends that he instructed Kelley to hold onto the form until further notice, and that later, on the day of his death, Rodney Smith directed Kelley to submit the final change of beneficiary form to New York Life. Kelley states that he mailed the form to the office of insurance agent Linwood Broussard. Broussard's office manager testified that she received the change of beneficiary form. However, the form was never received or processed by the CSO, and consequently, the records of the CSO continued to indicate that Jane Deshotel was the sole beneficiary.

When New York Life received beneficiary claims from both Jane Deshotel and June Smith, it instituted an action for interpleader under Federal Rule of Civil Procedure 22. New York Life deposited with the court the policy proceeds plus interest-- $106,397.51. New York Life was granted summary judgment dismissing it from the interpleader action. Jane Deshotel and June Smith filed cross motions for summary judgment. The district court found that Rodney Smith and New York Life had contracted that changes in beneficiary would not be enforceable absent recordation of the change at the CSO.[2] The court

---

[2] The insurance contract between Rodney Smith and New York Life provided in pertinent part:

determined that as a matter of law Rodney Smith had not strictly complied with the policy. Therefore, on September 12, 1995, the district court rendered summary judgment in favor of Jane Deshotel, decreeing her the owner of the insurance proceeds.

On September 26, 1995, June Smith filed a motion for a new trial. Treating it as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the district court denied the motion. June Smith appeals.


## II. ANALYSIS

We review the granting of summary judgment de novo, applying the same criteria used by the district court in the first instance. Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994); Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). First, we consult the applicable law to ascertain the material factual issues. King v. Chide, 974 F.2d 653, 655-56 (5th Cir. 1992). We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994); FDIC v. Dawson, 4 F.3d 1303, 1306 (5th Cir. 1993), cert. denied, 114 S.

---

While the Insured is living, the beneficiary designation can be changed from time to time by written notice in form satisfactory to the Company. No such change will take effect unless recorded in the records of the Company at its Home Office. Upon being so recorded, the change will be effective as of the date the notice was signed, whether or not the Insured is living when the change is recorded, subject to any payment made or other action taken by the Company before such recording.

Ct. 2673 (1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Louisiana law requires strict compliance with the terms of the insurance policy to effect a change of beneficiary. Giuffria v. Metropolitan Life Ins. Co., 178 So. 368, 369-70 (La. 1937) (holding that, although insurer had notice of change of beneficiary, change was unenforceable because insured died before policy was forwarded to home office for the required company endorsement); New York Life Ins. Co. v. Murtagh, 69 So. 165, 166 (La. 1915) (holding that change of beneficiary form was unenforceable where it was received at insurer's branch office but was never received at home office as the policy required); and Morein v. North Am. Co. for Life & Health Ins., 271 So. 2d 308, 316 (La. App. 3 Cir. 1972) (holding that request for change of beneficiary submitted by insured to insurer's local agent was not sufficient to effect change because no written request was ever received by home office as required by the policy), writ denied, 273 So. 2d 845 (La. 1973). The rule of strict construction followed in Louisiana is based on the theory that the insurance policy is a contract which constitutes the law between the parties. Wickham v. Prudential Ins. Co., 366 So. 2d 951, 953 (La. App. 1 Cir. 1978). Every provision of an insurance

5

policy must be construed as written.  <u>Sun Life Assurance v. Barnard</u>, 652 So. 2d 681, 684 (La. App. 1 Cir. 1995).  For example, "if the policy provides that a change of beneficiary is not effective until the policy itself is endorsed, strict construction requires just that."  <u>Wickham</u>, 366 So. 2d at 953.

We discussed Louisiana's rules regarding a change of beneficiary in <u>American Gen. Life Ins. Co. v. Fine</u>, 944 F.2d 232, 234-35 (5th Cir. 1991).  In <u>Fine</u>, although the insurer had not given its written approval as required by the policy, the district court found that the insured had complied with all the requirements of the policy and, therefore, enforcement of the contested change of beneficiary was not barred as a matter of law.  <u>Id.</u> (reversing the district court, however, because genuine issues of material fact existed as to whether the insured intended to change beneficiaries).  This finding paralleled that of two Louisiana state court cases:  <u>Woodmen of the World Life Ins. Soc'y v. Hymel</u>, 544 So. 2d 664, 667-70 (La. App. 3 Cir.), <u>writ denied</u>, 551 So. 2d 629 (La. 1989); and <u>Philadelphia Life Ins. Co. v. Whitman</u>, 484 So. 2d 266, 268 (La. App. 3 Cir. 1986).  With regard to what is required of a policy holder, these two cases speak in terms of substantial compliance.  <u>Fine</u>, 944 F.2d at 234.  Substantial compliance cases fall into two categories:  (1) cases where the original beneficiary wrongfully interfered with the insured's compliance; and (2) cases such as <u>Woodmen</u> and <u>Whitman</u> where "the insured complied with the requirements on the face of the policy, but some internal procedure of the insurance

6

company was not completed."  Id.  We concluded in Fine that--although framed in the language of substantial compliance--cases such as Woodmen and Whitman are actually strict compliance cases. Id.  "The lesson of Woodmen and Whitman is that Louisiana requires strict compliance by the insured with the policy requirements."  Id. at 235.

June Smith argues that the case at bar parallels Woodmen and Whitman.  Despite the fact that Rodney Smith's March 11, 1994 change of beneficiary form was never recorded at the CSO, June Smith argues that it is not unenforceable as a matter of law because, she contends, Rodney Smith strictly complied with the terms of the policy.  We find, however, that this case is distinguishable from Woodmen and Whitman.  In Woodmen, "all policy requirements were met in order to change the

beneficiary."[3]  544 So. 2d at 670.  The same is true of <u>Whitman</u>.[4]
484 So. 2d at 267-68.

The instant case has more in common with <u>Morein</u> and <u>Wickham</u>.
As the <u>Woodmen</u> court explained:  "In <u>Morein</u>, a written request
for a change of beneficiary was never sent to the home office of
the company, as required by the policy."  <u>Woodmen</u>, 544 So. 2d at
670.  "In <u>Wickham</u>, the insured failed to comply with the policy
requirement for change of beneficiary of submitting the policy
with the request in order that the policy may be endorsed."  <u>Id.</u>

---

[3]     The insurance policy in <u>Woodmen</u> read as follows, in
pertinent part:

> The member can change the beneficiary at any time by
> sending a signed and dated written request to the Home
> Office.  When the change has been received at the Home
> Office it will take effect as of the date the request
> was signed.

<u>Woodmen</u>, 544 So. 2d at 669.  The insured indicated a change of
beneficiary on an application to increase the amount of his
insurance.  Because no specific form was required for the written
notice, the court ordered judgment in favor of the second
beneficiary.  <u>Id.</u> at 669-70.

[4]     The insurance policy in <u>Whitman</u> read as follows, in
pertinent part:

> Each Employee shall have the right to designate a
> Beneficiary upon becoming insured under this Group
> Policy and to revoke at any time any previous
designation and make a new designation by giving through the
Owner written notice to the Company at its Home Office.

<u>Whitman</u>, 484 So. 2d at 268.  A change of beneficiary was
indicated on a questionnaire that was signed by the insured,
dated, and mailed to the insurer's home office.  Upon receipt of
the questionnaire, the insurer forwarded a change of beneficiary
card to the insured for completion and signature but the insured
died before it was received.  The Court of Appeal of Louisiana,
Third Circuit, held that the insured had satisfied the policy
requirement for changing beneficiaries.  <u>Id.</u> at 267-68.

Under the law of Louisiana, Rodney Smith did not strictly comply with the terms of the insurance policy. "To effect a change of beneficiary, where the assured has the right to make such a change, the designation of the new beneficiary must be in the method pointed out in the contract." Murtagh, 69 So. at 166 (quoting 25 Cyc. 893, 894). In this case, the policy stipulated that no change of beneficiary "will take effect unless recorded in the records of the Company at its Home Office." June Smith does not dispute that the March 11, 1994 change of beneficiary form was not recorded at the home office of New York Life. We conclude that as a matter of law the March 11, 1994 change of beneficiary form is not enforceable.

## III. CONCLUSION

For the foregoing reasons, the order of the district court denying June Smith's motion for summary judgment and granting summary judgment in favor of Jane Deshotel is AFFIRMED.